# Illinois Official Reports

## Appellate Court

---

*People v. Pabello*, 2019 IL App (2d) 170867

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BENJAMIN PABELLO, Defendant-Appellant. |
| District & No. | Second District No. 2-17-0867 |
| Filed | December 9, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-CF-80; the Hon. Christopher R. Stride, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Amber Hopkins-Reed, of State Appellate Defender's Office, of Ottawa, for appellant. |
| | Michel G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, Edward R. Psenicka, and Richard S. London, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion. Justices Burke and Schostok concurred in the judgment and opinion. |

¶ 1     Defendant, Benjamin Pabello, appeals from the judgment of the circuit court of Lake County denying his postconviction petition following a third-stage hearing. Because postconviction counsel provided reasonable assistance, we affirm.

## I. BACKGROUND

¶ 2

¶ 3     Defendant was convicted in the circuit court of Lake County of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010)). We affirmed. See *People v. Pabello*, 2014 IL App (2d) 120927-U.

¶ 4     Defendant then filed a *pro se* postconviction petition. The trial court advanced the petition to the second stage and appointed counsel.

¶ 5     Counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Counsel certified that he consulted with defendant, examined the record, and amended the *pro se* petition to the extent necessary to adequately present defendant's claims.

¶ 6     Counsel also filed a supplemental postconviction petition, alleging that trial counsel was ineffective for failing to file a motion to suppress defendant's statements to the police. In that regard, counsel asserted that defendant's *Miranda* waiver was invalid in light of (1) defendant's lack of understanding of English and (2) defendant's lack of education. Defendant's supporting affidavit averred, among other things, that he attended school only to the fifth grade.

¶ 7     The State agreed to proceed to a third-stage hearing. The following facts were established at the hearing. According to defendant, he was born in Mexico and lived there until he was 22 years old. Spanish was the only language spoken in his home. He completed the sixth grade. Spanish was the only language used in his school.

¶ 8     Defendant moved to the United States when he was 22 years old. While here, he never formally studied English as a second language. Defendant worked mostly in landscaping, where he spoke only Spanish.

¶ 9     According to defendant, during his interrogation the officers spoke only English. Although a female officer tried to talk to him in Spanish, he did not understand her. When defendant asked for an interpreter, the officers told him that none was available.

¶ 10     On cross-examination, defendant admitted that, after he was able to learn "a little bit of English," he was hired to work at a gas station. That job included working the cash register on the night shift but did not require him to speak English. When customers would speak to him in English he would smile or pretend that he understood.

¶ 11     According to defendant, his appointed trial counsel used a Spanish interpreter every time they met. Defendant denied understanding when his counsel spoke in English.

¶ 12     Trial counsel testified for the State. According to counsel, whenever he spoke to defendant he had an interpreter present. He did so because, before he was appointed, there had been an issue about whether defendant needed an interpreter. However, during his representation of defendant, he and defendant "mainly spoke in English." The interpreter was almost never used. The only time that counsel used the interpreter was when he reviewed with defendant the presentence investigation report (PSI).

¶ 13 Trial counsel never had any language issues with defendant, and he believed that defendant was fluent in English. Nevertheless, counsel kept the communications fairly simple because of an "educational issue" with defendant. According to counsel, the PSI indicated that defendant was not well educated.

¶ 14 Trial counsel had reviewed the video recording of the interrogation, in which defendant always spoke English. According to counsel, defendant provided "details in English that went beyond simple communication." Defendant never asked for an interpreter. Because counsel believed that defendant understood the interrogation, including his *Miranda* rights, counsel opined that defendant's waiver was knowing and voluntary. See *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶ 15 During argument, postconviction counsel noted that defendant had attended school only to the sixth grade. Counsel further argued that, because of defendant's lack of understanding of English, defendant did not validly waive his *Miranda* rights.

¶ 16 The trial court issued a written order denying the postconviction petition. It found, among other things, that defendant had attended school only to the fifth grade. However, because there was no language barrier, the court ruled that the "totality of the circumstances demonstrate[d] that defendant knowingly and intelligently waived his *Miranda* rights." Thus, the court found that he failed to show that trial counsel was ineffective for failing to file a motion to suppress. Defendant, in turn, filed a timely notice of appeal.

¶ 17                                   II. ANALYSIS

¶ 18 On appeal, defendant contends that his postconviction counsel failed to comply with Rule 651(c) when, at the hearing, he failed to present sufficient evidence that defendant's waiver of his *Miranda* rights was invalid in light of his limited education.

¶ 19 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at his trial or sentencing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction petition is not an appeal from an underlying judgment but, rather, a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). As such, a postconviction proceeding allows inquiry only into constitutional issues that were not and could not have been adjudicated on direct appeal. *Ortiz*, 235 Ill. 2d at 328.

¶ 20 The Act establishes a three-stage process for the adjudication of a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel and the State can move to dismiss the petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2014). If the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2014).

¶ 21 At the third stage, a defendant has the burden of proving a substantial constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). The evidentiary hearing allows the parties to develop matters not contained in the trial record and, thus, not before the appellate court. *People v. Lester*, 261 Ill. App. 3d 1075, 1078 (1994).

¶ 22 The right to counsel in a postconviction proceeding emanates from the Act rather than the constitution. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Thus, postconviction petitioners

are guaranteed only the level of assistance that the Act provides. *Owens*, 139 Ill. 2d at 364. That level of assistance has been determined to be only a reasonable one. *People v. Flores*, 153 Ill. 2d 264, 276 (1992).

¶ 23 One aspect of reasonable assistance is compliance with Rule 651(c). See *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992). Rule 651(c) imposes three duties on postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Counsel must show that he (1) consulted with the petitioner to ascertain his contentions of constitutional violations, (2) examined the trial record, and (3) made any amendments to the *pro se* petition necessary to adequately present the petitioner's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 24 There are two ways in which counsel's compliance with Rule 651(c) may be shown. *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). Counsel may file a certificate that he complied, or the record as a whole may demonstrate counsel's compliance. *Richmond*, 188 Ill. 2d at 380.

¶ 25 Where counsel files a Rule 651(c) certificate, there is a presumption that counsel provided reasonable assistance. *People v. Custer*, 2019 IL 123339, ¶ 32. If the presumption is triggered, the defendant has the burden of overcoming the presumption. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. If counsel failed to comply with Rule 651(c), the defendant is not required to show that his claims had merit (*People v. Suarez*, 224 Ill. 2d 37, 47 (2007)) or that he otherwise suffered prejudice from the lack of compliance (*People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18). Nor is counsel's lack of compliance subject to harmless-error analysis. *Suarez*, 224 Ill. 2d at 52. Thus, if counsel failed to comply with Rule 651(c), a remand for additional postconviction proceedings is required. *Suarez*, 224 Ill. 2d at 47.

¶ 26 The first matter we must address is whether Rule 651(c) governed counsel's performance at the third-stage hearing. It did not.

¶ 27 In *People v. Marshall*, 375 Ill. App. 3d 670 (2007), the court expressly held that Rule 651(c) does not apply once a postconviction petition has been advanced to the third stage. *Marshall*, 375 Ill. App. 3d at 681-83; see also *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59 (noting that Rule 651(c) applies only to duties undertaken at the second stage). In so holding, the *Marshall* court explained that, once Rule 651(c)'s requirements have been met at the second stage, it would be illogical to require counsel at the third stage to comply further with the rule. *Marshall*, 375 Ill. App. 3d at 683. The court added that counsel at the third stage does not perform the duties required by Rule 651(c) but, rather, argues the merits of the petition as formulated during the second stage. *Marshall*, 375 Ill. App. 3d at 683.

¶ 28 We entirely agree with *Marshall*. It is undisputed that counsel here complied with Rule 651(c) at the second stage when he consulted with defendant, examined the trial record, and amended the *pro se* petition as necessary to adequately present defendant's claims. Once the petition was advanced to the third stage, Rule 651(c) no longer applied. It would be illogical to measure counsel's performance at the third stage by a standard applicable to the distinctly different second stage.

¶ 29 To the extent that defendant's argument that Rule 651(c) governs a third-stage hearing is based on a presumption that Rule 651(c) is the only measure of reasonable assistance, the supreme court has rejected that presumption. In *People v. Cotto*, 2016 IL 119006, ¶ 41, the court held that "Rule 651(c) is merely a vehicle for ensuring a reasonable level of assistance [citation] and should not be viewed as the only guarantee of reasonable assistance in postconviction proceedings." (Internal quotation marks omitted.) This holding supports the

proposition that the only standard applicable to a third-stage hearing is that of general reasonableness.

¶ 30 Moreover, we are not aware of, nor does defendant cite, any case directly holding that Rule 651(c) governs the third stage of a postconviction proceeding. Although defendant points to several cases to support his position, they do not.

¶ 31 Relying on *People v. Turner*, 187 Ill. 2d 406 (1999), and *People v. Johnson*, 154 Ill. 2d 227 (1993), defendant asserts that the duty under Rule 651(c) to amend the petition to provide evidentiary support at the second stage (see 725 ILCS 5/122-2 (West 2014)) necessarily carries over to the third-stage hearing. However, neither case supports that proposition.

¶ 32 In both *Turner* and *Johnson*, the petitions were dismissed at the second stage. *Turner*, 187 Ill. 2d at 409; *Johnson*, 154 Ill. 2d at 232. Thus, on that basis alone, they are distinguishable from this case. More importantly, there is no language in either case to remotely suggest that Rule 651(c) governs a third-stage proceeding.

¶ 33 Defendant also cites *People v. Ross*, 2015 IL App (3d) 130077, *abrogated on other grounds by People v. Young*, 2018 IL 122598, to support the proposition that Rule 651(c)'s requirement that counsel provide evidentiary support for a petition applies to the third stage. However, *Ross* does not help defendant. In *Ross*, the court held that postconviction counsel failed to provide reasonable assistance when he failed both to attach a supporting affidavit to the petition and to present evidence at the third-stage hearing. *Ross*, 2015 IL App (3d) 130077, ¶¶ 17-20. Although the court noted that counsel did not comply with Rule 651(c), it did so only as to counsel's failure to attach a supporting affidavit. *Ross*, 2015 IL App (3d) 130077, ¶ 19. The court did not mention Rule 651(c) when referring to counsel's failure to present evidence at the hearing nor did it remotely suggest that Rule 651(c), as opposed to the general reasonableness standard, governed counsel's performance at the third stage. Thus, *Ross* does not stand for the proposition that Rule 651(c) governs a third-stage proceeding.

¶ 34 We note that, in a very recent case, our supreme court stated, without elaboration, that the limited duties under Rule 651(c) "persist throughout the proceedings under the Act." *Custer*, 2019 IL 123339, ¶ 32. However, in the context of that case, the court's statement was clearly *dicta*, and we do not deem it to have overruled *Marshall* and *Zareski*.

¶ 35 For the foregoing reasons, we hold that Rule 651(c) did not govern counsel's performance during the third-stage hearing. Instead, that performance is measured by the overarching reasonableness standard generally applicable to a postconviction proceeding.

¶ 36 We next address the parameters of the general reasonableness standard during a third-stage proceeding. To that end, we find *People v. Hotwagner*, 2015 IL App (5th) 130525, to be particularly instructive. The court there said that, because trial counsel and postconviction counsel serve different roles, because a postconviction petitioner has "already been stripped of the presumption of innocence," and because the right to postconviction counsel is not constitutionally required, the reasonable level of assistance required under the Act is not coextensive with the level of assistance required under *Strickland v. Washington*, 466 U.S. 668 (1984). (Internal quotation marks omitted.) *Hotwagner*, 2015 IL App (5th) 130525, ¶ 37. The Act does "not guarantee that [a petitioner] will receive the same level of assistance that the Constitution guarantees to defendants at trial." (Internal quotation marks omitted.) *Hotwagner*, 2015 IL App (5th) 130525, ¶ 37. "*Strickland* is thus not applicable" or at least "not automatically applicable" to claims that postconviction counsel's assistance was less than reasonable. (Internal quotation marks omitted.) *Hotwagner*, 2015 IL App (5th) 130525, ¶ 37.

However, although *Strickland* "is not the relevant standard" for addressing such claims, "the *Strickland* test is an essential standard for comparison." (Internal quotation marks omitted.) *Hotwagner*, 2015 IL App (5th) 130525, ¶ 37. It stands to reason that, if postconviction counsel's assistance cannot be deemed ineffective under *Strickland*, it cannot be deemed unreasonable under the Act. *Hotwagner*, 2015 IL App (5th) 130525, ¶ 37; see also *Zareski*, 2017 IL App (1st) 150836, ¶¶ 59-60.

¶ 37　　Thus, in this case, we will measure counsel's performance at the third-stage hearing to see if it passes the higher *Strickland* standard. If it does, then it necessarily meets the lesser reasonableness standard.

¶ 38　　In his petition, defendant alleged ineffective assistance of trial counsel. To prevail on such a claim, a defendant must demonstrate that counsel's performance was deficient and that the deficiency caused prejudice. *Strickland*, 466 U.S. at 687. Specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Although a defendant must satisfy both prongs, a court may dispose of an ineffectiveness claim on a lack of prejudice. *People v. Edwards*, 195 Ill. 2d 142, 163 (2001). To establish prejudice for counsel's failure to file a motion to suppress, a defendant must show a reasonable probability that (1) the motion would have been granted and (2) the outcome of the trial would have been different had the evidence been suppressed. *People v. Patterson*, 217 Ill. 2d 407, 438 (2005).

¶ 39　　A valid *Miranda* waiver occurs where (1) the decision to relinquish those rights was voluntary and (2) it was made with full awareness of the rights being abandoned and the consequences of doing so. *People v. Goins*, 2013 IL App (1st) 113201, ¶ 48. Whether a waiver is knowing and intelligent depends on the particular facts and circumstances of each case. *People v. Brown*, 2012 IL App (1st) 091940, ¶ 40. To that end, whether a defendant knowingly and intelligently waived his *Miranda* rights is a question of fact to be determined by the totality of the circumstances. *Brown*, 2012 IL App (1st) 091940, ¶ 25. Among the factors to be weighed in that assessment are a defendant's intellectual ability, his familiarity with English, and his age, education, and experience. *People v. Teran-Cruz*, 272 Ill. App. 3d 573, 579 (1995). A defendant need not understand the far-reaching legal and strategic effects of waiving his rights; rather, a defendant must, at a minimum, understand basically what those rights encompass and what his waiver entails. *People v. Jones*, 2014 IL App (1st) 120927, ¶ 49.

¶ 40　　Under the foregoing standards, we hold that postconviction counsel's performance at the third-stage hearing was not ineffective under *Strickland* and, thus, was not unreasonable under the Act.

¶ 41　　In support of the claim that defendant invalidly waived his *Miranda* rights because of his limited education, counsel attached defendant's affidavit, in which defendant averred that he had attended school only to the fifth grade. At the hearing, counsel asked defendant how far he had attended school, to which defendant answered the sixth grade. Additionally, during argument, counsel reiterated that defendant had attended school only to the sixth grade. Defendant suggests that counsel could have offered more evidence of his lack of education, such as his grades or his understanding of the material studied in the fifth grade. Even if such matters were available to counsel, defendant was not prejudiced by their omission. The mere fact that defendant had attended only the fifth (or sixth) grade already showed that defendant

had a low educational level, regardless of defendant's grades or other indicia of his school performance.

¶ 42   Further, even assuming that defendant had done poorly in the fifth (or sixth) grade, defendant's educational level was but one factor relevant to whether he knowingly and intelligently waived his rights. Other factors, such as his understanding of English, his age, and his work experience, showed that he understood his rights.

¶ 43   At the hearing, trial counsel testified that he communicated with defendant almost exclusively in English and that he believed that defendant was fluent. Further, defendant testified that he had been in this country for 16 years and had worked various jobs, including in a retail store. Particularly informative is the video of the interrogation. After having carefully reviewed it, we are left with no doubt that defendant understood, and knowingly and intelligently waived, his *Miranda* rights. Throughout the interrogation, defendant spoke glibly with the officers. He never delayed in answering questions, asked that any questions be repeated, gave inappropriate answers, or otherwise indicated that he did not understand the officers or the nature of the investigation. More importantly, he appeared to understand the *Miranda* warnings and the import of his waiver. After the rights were read to him in English, and he read them in Spanish, he stated that he understood and asked no clarifying questions. Defendant asserts that postconviction counsel should have "highlighted" the portion of the video where an officer explained the *Miranda* warnings to him, because, he says, it showed that he did not understand his rights. However, the trial court reviewed the entire video and, thus, would have already focused on that exchange, as it directly pertained to defendant's claim that his waiver was invalid. Moreover, the fact that the officer merely took extra time to explain the rights, gave defendant ample time to read the warnings, and demonstrated to defendant where to mark the waiver form to indicate that he understood his rights does not overcome the many other factors showing that defendant understood his rights and knowingly and intelligently waived them.

¶ 44   In light of the totality of factors, even had postconviction counsel further emphasized defendant's limited education, including by presenting further evidence, it would not likely have resulted in a finding that defendant did not knowingly and intelligently waive his *Miranda* rights. Thus, any failure by postconviction counsel in that regard did not prejudice defendant and did not violate *Strickland*. Because counsel's performance satisfied *Strickland*, it necessarily was reasonable.

¶ 45                                    III. CONCLUSION

¶ 46   For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 47   Affirmed.