2024 IL App (1st) 220521-U

No. 1-22-0521

Order filed June 28, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 89 CR 5408 |
| | ) | |
| HAROLD OLIVER, | ) | Honorable |
| | ) | Tyria Walton, |
| Petitioner-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Lyle and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's dismissal of defendant Harold Oliver's successive post-conviction petition is reversed and remanded for new second stage post-conviction proceedings where Oliver's post-conviction counsel provided unreasonable assistance by failing to amend Oliver's petition to include a claim of actual innocence.

¶ 2    Defendant Harold Oliver appeals the circuit court's dismissal of his successive post-conviction petition. The issue on appeal is whether Oliver's post-conviction counsel provided unreasonable assistance by failing to amend the petition. For the reasons below, we reverse and remand.

¶ 3                              BACKGROUND

¶ 4     Oliver appeals from the dismissal of his fifth successive petition for post-conviction relief from his 1997 conviction for aggravated sexual assault (Ill. Rev. Stat. 1989 ch. 38, ¶ 12-14(A)(1)) and armed robbery (Ill. Rev. Stat. 1989, ch. 38, ¶ 18-2(A)). At trial, the victim, S.S., testified that defendant Harold Oliver raped and robbed her at gunpoint. She stated that she had been on her way to class early in the morning when Oliver came up behind her, grabbed her, and threatened her with a gun. According to S.S., Oliver led her to the vestibule of a nearby apartment building where he vaginally and orally assaulted her. Mildred Williams, a tenant of the building, witnessed the encounter and shouted at the assailant, who took the victim's leather jacket and fled the scene. Ms. Williams then called the police. She was later unable to identify Oliver in a lineup. Three of Oliver's co-workers testified that Oliver had been at work at approximately the time of the assault. However, the State presented a DNA expert who testified that there was a high probability that Harold Oliver was the man who had assaulted S.S.

¶ 5     Oliver was initially convicted of these offenses in March 1991, but this court reversed and remand for a new trial. *People v. Oliver* (*Oliver I*), 265 Ill. App. 3d 543, 552 (1994). Upon retrial, a jury once again found Oliver guilty of both offenses, and he was sentenced to 60 years for aggravated criminal sexual assault and 30 years for armed robbery, to run consecutively. This court then affirmed his convictions and sentence on appeal. *People v. Oliver* (*Oliver II*), 306 Ill. App. 3d 59 (1999). Since 2000, Oliver has continued to challenge those convictions with petitions for post-conviction relief, alternative methods of collateral attack, and requests for further DNA testing.

¶ 6    Most recently, Oliver was granted leave to file a successive post-conviction petition alleging that the State had committed a fraud upon the court by failing to disclose the inadequacy of the FBI DNA database that the State's expert, Dr. Harold Deadman, had relied on in Oliver's first trial. He further alleged that the testing methods used by Dr. Deadman at both the first and second trials were not probative of Oliver's guilt. The circuit court appointed post-conviction counsel for Oliver who filed a certification that she consulted with Oliver, examined the record, and submitted supplemental exhibits after learning more information about Oliver's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Post-conviction counsel chose to stand on Oliver's petition rather than amend it.

¶ 7    The State moved to dismiss the petition based on *res judicata* or, alternatively, because Oliver had not shown cause and prejudice. Post-conviction counsel argued that the supplemental exhibits, including a letter from the FBI confirming that the DNA database that the State's expert had used had included numerous duplicate DNA samples, constituted new evidence that Oliver could not have discovered sooner. Thus, because Oliver could never have included this information in his prior filings, his claim should not be barred by *res judicata*. Similarly, because the information was newly discovered and could not have been raised earlier, Oliver could show cause for why he did not argue it earlier. Oliver was prejudiced because "this new information went to the integrity of the forensic testing that was done and brought to light errors that existed in the testing." The circuit court rejected these arguments and dismissed Oliver's petition. This timely appeal followed. Ill. S. Ct. R. 604(d) (eff. Oct. 19, 2023).

¶ 8                                    ANALYSIS

¶ 9    Oliver argues that his appointed post-conviction counsel provided him with an unreasonable level of assistance because, among other issues, she failed to amend his petition to state a claim of actual innocence. The State contends that there was "no reason to think that petitioner wanted to pursue an actual innocence claim." On this issue, we are aided by our supreme court's decision in *People v. Addison*, 2023 IL 127119, which offered a helpful framework for analyzing claims of unreasonable assistance stemming from counsel's failure to amend a post-conviction petition to properly present a petitioner's claims.

¶ 10    The Post-Conviction Hearing Act allows a prisoner to collaterally challenge his conviction on state or federal constitutional grounds. 725 ILCS 5/122-1, *et seq.* (West 2018); see also *People v. Hatter*, 2021 IL 125981, ¶ 22. Such a challenge involves a three-stage process. In the first stage, the circuit court reviews the petition, taking all allegations as true, and dismissing if the petition is "frivolous or patently without merit." 725 ILCS 5/122-2.1(a)(2). If the petition survives the first stage, it advances to the second, where the State has the opportunity to "file a motion to dismiss or an answer to the petition." *People v. Cotto*, 2016 IL 119006, ¶ 27. The circuit court must then determine whether the "petition's well-pled allegations of a constitutional violation, [] if proven at an evidentiary hearing, would entitle petitioner to relief." *People v. Domagala*, 2013 IL 113688, ¶ 35. At the third stage, "the court may receive 'affidavits, depositions, oral testimony, or other evidence,' to weigh the merits of the petition and determine whether the defendant is entitled to relief." *People v. Allen*, 2015 IL 113135, ¶ 22 (quoting 725 ILCS 5/122-6 (West 2008)). Because the case was dismissed at the second stage, we review the dismissal *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31.

¶ 11 It is well-settled that there is no constitutional right to post-conviction counsel. See *Cotto*, 2016 IL 119006, ¶ 29. However, the Act provides a statutory right to post-conviction counsel in the second stage of proceedings. 725 ILCS 5/122-4. This statutory right is limited; a petitioner is entitled only to reasonable assistance rather than effective assistance. *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Thus, the statutory standard is "significantly lower than the one mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30.

¶ 12 In order to ensure reasonable assistance, the Illinois Supreme Court requires post-conviction counsel to satisfy three obligations. Ill. S. Ct. R. 651(c). First, the attorney must consult "with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights ***." *Id.* Second, the attorney must examine "the record of the proceedings at the trial ***." *Id.* Third, the attorney must make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." *Id.* Failure to satisfy any of these three obligations results in automatic reversal without consideration of the merits of the underlying claim. *Addison*, 2023 IL 127119, ¶ 33 ("Because counsel did not comply with Rule 651(c), our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit.").

¶ 13 Counsel may file a certificate stating that she complied with the rule, "or the record as a whole may demonstrate counsel's compliance." *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 25. Compliance creates "a presumption that counsel provided reasonable assistance." *Id.* ¶ 24. The burden is then on the defendant to demonstrate "his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Oliver's post-conviction counsel filed a certificate stating that she complied with the Rule 651(c)

requirements, thus, we presume that she provided reasonable assistance, and Oliver must overcome this presumption. *Pabello*, 2019 IL App (2d) 170867, ¶ 25. We review whether post-conviction counsel complied with Rule 651(c) *de novo*. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 14    Oliver contends that (1) his petition clearly showed his intent to argue that the DNA evidence at trial was meaningless and that he was actually innocent, and (2) post-conviction counsel was unreasonable for failing to amend the petition and shape his claim into one of actual innocence. To comply with Rule 651(c), post-conviction counsel must make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c); see also *People v. Turner*, 187 Ill. 2d 406, 412 (1999). Importantly, "[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993). In fact, Rule 651(c) does not contain a "requirement that post-conviction counsel must amend a petitioner's *pro se* post-conviction petition" at all, so long as any amendment would be unnecessary. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). Nor must post-conviction counsel "scour the record to uncover claims that were not raised by the defendant." *People v. Milaw*, 2012 IL App (1st) 100832, ¶ 33. Thus, post-conviction counsel was excused from "exploration, investigation and formulation of potential claims," but she was not excused from amending the petition to properly raise Oliver's existing argument. *Davis*, 156 Ill. 2d at 163.

¶ 15    Oliver's case is closely analogous to *Addison*. There, Addison's *pro se* post-conviction petition had included 15 claims, each framed as a claim of ineffective assistance of counsel. 2023 IL 127119, ¶ 23. When the petition advanced to second-stage proceedings, Addison was appointed counsel. *Id.* ¶ 8. His post-conviction counsel determined that only five of Addison's claims were

worth pursuing, and his post-conviction counsel also eliminated any reference to ineffective assistance of counsel. *Id.* ¶ 24. The court determined that counsel acted unreasonably because Addison could only avoid "the procedural bar of forfeiture by casting his claims as ineffective assistance of appellate counsel" and post-conviction counsel had "*eliminated* the necessary allegations that defendant had included in the *pro se* petition." (Emphasis in original.) *Id.* ¶¶ 23, 25.

¶ 16    Here, Oliver's post-conviction counsel was aware that Oliver wanted to advance an actual innocence claim. Throughout his *pro se* petition, Oliver repeatedly referenced his innocence. In the third paragraph he insisted that he has "consistently maintained his innocence for crimes he did not commit." And in the following paragraph he asserted that he "now seeks simple relief to rectify this almost 30 year wrongful conviction." Further, Oliver's argument rests on the belief that newly developed DNA testing methods "exclude[] Petitioner as a suspect;" that is, demonstrate his actual innocence. Moreover, if Oliver did not intend to assert a claim of actual innocence, then his petition would fail to allege any constitutional violation. Therefore, Oliver's post-conviction counsel did not need to search for the actual innocence claim; Oliver raised the argument, even if he raised it inartfully.

¶ 17    In order to establish a claim of actual innocence, the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial. *People v. Robinson*, 2020 IL 123849, ¶ 47; see also *People v. Jackson*, 2021 IL 124818, ¶ 41. "Newly discovered evidence is evidence that was discovered after trial and that the petitioner could not have discovered earlier through the exercise of due

diligence." *Robinson*, 2020 IL 123849, ¶ 47. Evidence is material if it is relevant and probative of the petitioner's innocence. *Id.*

¶ 18    Oliver contends that there is new evidence regarding the efficacy of DNA testing methods that would prove his innocence. He asserts that he could provide "case law and literature supportive of the apparent claim that a DNA analysis at only six-loci was 'totally lacking in probative value,'" and 'ha[s] a great potential for prejudice and for confusing the jury.'" See *People v. Smith*, 2012 IL App (1st) 102354, ¶¶ 175, 179 (Gordon, J., dissenting). This court has repeatedly noted that DNA evidence is "a type of evidence that juries and courts alike find highly persuasive." *People v. Wright*, 2012 IL App (1st) 073106, ¶ 96. Given the public confidence in the probative value of DNA evidence, if Oliver could cast doubt on the validity of that evidence, he would "place[] the evidence presented at trial in a different light and undercut[ our] confidence in the factual correctness of the guilty verdict." *People v. Coleman*, 2013 IL 113307, ¶ 97.

¶ 19    Without the DNA evidence to corroborate the State's arguments, the evidence against Oliver becomes less convincing. The gun that was used in the robbery and assault was never found, nor was the leather jacket that the assailant took from the victim. Oliver had an alibi defense; three of defendant's coworkers testified that Oliver was at work the morning of the assault. And the only witness to the crime other than the victim was unable to identify Oliver in a lineup. However, even if Oliver could successfully undermine the DNA evidence against him, we make no comment about whether these arguments will be successful on remand. We conclude only that Oliver's actual innocence claim is not "frivolous or patently nonmeritorious;" therefore, amending the petition to include that claim was "necessary" within the meaning of Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 205 (2004) ("If amendments to a *pro se* postconviction petition would only further

a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule.").

¶ 20     As in *Addison*, Oliver's post-conviction counsel's failure to shape the claim into its proper form resulted in the claim being procedurally barred. The Post-Conviction Hearing Act provides one post-conviction petition as a matter of right. 725 ILCS 5/122-1(f) (West 2022). If a defendant fails to raise an argument in the first petition, it is generally waived for any subsequent petition. *Id.* § 5/122-3. A defendant may bring a successive post-conviction petition if he can demonstrate cause and prejudice. *People v. Taliani*, 2021 IL 125891, ¶ 55. But "in a nondeath case, where a defendant sets forth a claim of actual innocence in a successive postconviction petition, the defendant is excused from showing cause and prejudice." *People v. Ortiz*, 235 Ill. 3d 319, 330 (2009). Therefore, if Oliver's post-conviction counsel had properly shaped Oliver's claim into a claim of actual innocence, he would not have needed to demonstrate cause and prejudice.

¶ 21     As to its alternative basis for dismissal, the circuit court erred in concluding that the DNA claim was barred by *res judicata*. For *res judicata* to apply, three requirements must be met: there must be "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of parties or their privies." *Wilson v. Edward Hospital*, 2012 IL 112898, ¶9. The court concluded that each of these requirements was met; therefore, Oliver's case could not move forward.

¶ 22     The first and third requirements are easily met here. There are myriad final judgments on the merits rendered by courts of competent jurisdiction in this case. Oliver, on numerous occasions, has availed himself of the various procedures for challenging a conviction. Additionally, the

identity of the parties is the same as in every previous challenge that Oliver has brought. The cases have all involved the State against Oliver, with Oliver challenging the validity of his conviction.

¶ 23    The circuit court found that identity of causes of action was satisfied because the case was "still about the fraud misrepresentation with the testimony of Dr. Deadman and the test samples, test results, test findings." But "[a] cause of action is defined by the facts that give rise to a right of relief." *Wilson*, 2012 IL 112898, ¶10. This means that "[i]f the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both ***" then there is identity between the causes of action and the claim is barred. *Id.* Thus, if the causes of action can only be sustained with different facts or different evidence, then there is not identity between them.

¶ 24    The circuit court here found that these causes of action were previously disposed of during Oliver's first petition for post-conviction relief. In that case, Oliver alleged that Dr. Deadman had "deviated from the FBI protocol using testing procedures that violated the required FBI testing guidelines and standards ***." Oliver made no mention, however, of a DNA database, nor did he provide detail on how the expert had deviated from protocol. This is not the same cause of action as the one presented here. While the circuit court correctly determined that the claims all revolved around DNA evidence, the facts and evidence needed to sustain the claims is different. Where before, Oliver attempted to show that Dr. Deadman's deviation from protocol was improper and led to his conviction, he now seeks to prove that new, exculpatory evidence proves his innocence. In the former cause of action, Oliver needed evidence of Dr. Deadman's methodology and of the actions he took. The claim he now asserts is that the DNA testing methodologies used in his trials are no longer viable. Instead of claiming that Dr. Deadman broke from established standards,

Oliver now argues that Dr. Deadman's testimony could never have been probative of his guilt. Therefore, because each claim involves different facts and different evidence is necessary to prove each claim, the state cannot show identity of causes of action, and Oliver's actual innocence claim is not barred by *res judicata*.

─────────────

¶ 25 We are careful to reiterate that we make no comment on the merits of Oliver's actual innocence claim, but, consistent with *Addison*, Oliver must be afforded the opportunity to have his argument heard. In light of this conclusion, we need not reach the other issues raised on appeal. Accordingly, we reverse and remand for the appointment of new post-conviction counsel to make the necessary amendments to Oliver's petition to adequately present his claims.

¶ 26                                    III. CONCLUSION

¶ 27 The judgment of the circuit court of Cook County is reversed and remanded with directions.

¶ 28 Reversed and remanded with instructions.