2015 IL App (3d) 130077

Opinion filed September 18, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-13-0077 Circuit No. 95-CF-75 |
| DEMETRIUS D. ROSS, | ) ) ) | Honorable Walter D. Braud |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Schmidt concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        Defendant Demetrius Ross pleaded guilty to one count of felony murder and was sentenced to an agreed 60-year term of imprisonment. He sought postconviction relief, alleging he was induced to enter into the plea agreement by his counsel's erroneous advice regarding truth-in-sentencing legislation and its effect on the length of his term of imprisonment. After an evidentiary hearing, the trial court denied Ross's postconviction petition. He appealed. We reverse and remand, finding that he was denied reasonable assistance of postconviction counsel and is entitled to additional credit for time spent in presentence custody in Wisconsin.

¶ 2                                    FACTS

¶ 3          Defendant Demetrius Ross was charged by information on January 19, 1995, with two
counts of first degree murder and two counts of aggravated kidnapping. 720 ILCS 5/9-1(a)(1),
(a)(3), 10-2(a)(3), (a)(5) (West 1994). Indictments setting forth the same charges were filed in
March and August 1995. Ross was arrested on a warrant in Milwaukee, Wisconsin, in May
1996. An amended information was filed on June 18, 1996, alleging the same four counts.

¶ 4          Ross appeared in Rock Island County court on July 20, 1996. Also in July 1996, attorney
Marshall Weinberg filed an appearance as defense counsel. On November 15, 1996, Ross
appeared with Weinberg and entered a partially-negotiated guilty plea. Pursuant to the terms of
the plea agreement, Ross pleaded guilty to one count of felony murder (count II) in exchange for
dismissal of the other charges and a sentencing cap of 60 years' imprisonment. The trial court
accepted the plea, entered judgment on felony murder, and sentenced Ross to a term of
imprisonment of 60 years. Ross was given credit against his sentence for time spent in custody
in the Rock Island County jail beginning July 20, 1996.

¶ 5          In April 1997, Ross moved *pro se* to withdraw his guilty plea and vacate his sentence.
The trial court denied the motion as untimely. Ross appealed and this court dismissed the appeal
for lack of jurisdiction. *People v. Ross*, No. 3-97-0399 (June 1997). In November 1999, Ross
filed a *pro se* postconviction petition, alleging, in part, that trial counsel provided ineffective
assistance. Ross filed an amended *pro se* postconviction petition, incorporating the allegations
from his November 1999 petition and arguing that his plea was involuntary. The trial court
found that it could not determine whether Ross's claims were frivolous and patently without
merit, dismissed the petition, appointed Ray Conklin as counsel, and granted Ross six months to
file an amended petition.

¶ 6       Conklin was given leave to withdraw in March 2000, and Herb Schultz was appointed to represent Ross. In June and November 2000, Ross filed *pro se* postconviction petitions. In September 2001, Schultz was granted leave to withdraw and Mark Jackson was appointed. In July 2002, Jackson filed an amended postconviction petition. The State filed a motion to dismiss, alleging the 1999 postconviction petition was untimely. The trial court granted the State's motion to dismiss and appointed postconviction counsel. In November 2004, this court reversed the order dismissing Ross's postconviction petition and remanded the cause for further proceedings. *People v. Ross*, 352 Ill. App. 3d 617 (2004).

¶ 7       In November 2006, Ross sought presentence custody credit of an additional 67 days for the time he spent in jail in Wisconsin. In November 2007, Harry Khoury was appointed as counsel. In April 2009, Ross filed a *pro se* amended postconviction petition. In April 2011, he filed another *pro se* amended postconviction petition. Both petitions alleged that trial counsel Weinberg induced Ross into pleading guilty by advising him that if he went to trial he would have to serve 85% to 100% of his sentence, but if he pleaded guilty he would only have to serve 50% of the sentence. According to Ross, Weinberg misapplied the then recently amended truth-in-sentencing legislation when he advised Ross to plead guilty. Ross submitted a sworn statement supporting his allegation of erroneous advice. The statement informed that it was in compliance with section 1-109 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/1-109 (West 2010)). The statement was not notarized.

¶ 8       Khoury was replaced as postconviction counsel by Aaron Dyer in July 2010. In March, 2011, Dyer moved to withdraw and Nate Nieman was appointed as postconviction counsel. Nieman filed an amended postconviction petition in March 2012. The petition included the truth-in-sentencing claims. The petition expressly incorporated all prior petitions, motions,

addendums, and supplemental pleadings related to the original postconviction petition filed in 1999. Included with the petition was Ross's sworn statement pursuant to section 1-109 of the Civil Code (735 ILCS 5/1-109 (West 2010)). Also included with the petition was an Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) certificate, in which counsel attested he satisfied the requirements of a postconviction attorney.

¶ 9       The State filed an answer and also filed an affidavit signed by attorney Weinberg. In the affidavit, Weinberg disputes Ross's claims of ineffective assistance of counsel. The affidavit did not indicate what advice he gave Ross regarding the percentage of his sentence he would be required to serve if he were found guilty following a trial as opposed to entering a guilty plea. An evidentiary hearing took place on the 2012 postconviction petition. Ross and Weinberg testified but neither defense counsel nor the State asked the witnesses about the sentencing advice Weinberg provided Ross. The witnesses were not questioned about and did not raise the truth-in-sentencing issue. The trial court denied Ross's postconviction petition. The trial court found "no reason to credit" any of Ross's claims; that trial counsel properly discharged his duties; and trial counsel's assistance was not ineffective. Ross appealed.

¶ 10                                ANALYSIS

¶ 11      The issues on appeal are whether the trial court erred when it denied Ross's postconviction petition alleging ineffective assistance of trial counsel and when it failed to credit him for the 67 days he spent in presentence custody in Wisconsin.

¶ 12      We begin with whether the trial court's denial of the postconviction petition on the basis that Ross was not denied effective assistance of counsel was in error. Ross argues that his conviction should be reversed because the incorrect advice he received from his trial attorney induced him to plead guilty and, but for the bad advice, he would not have agreed to enter a plea.

4

He maintains his sworn statement remains unrebutted and qualifies as "other" evidence under sections 122-2 and 122-6 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2, 122-6 (West 2010)). In the alternative, he submits that if his sworn statement does not constitute "other evidence," he is still entitled to relief because his postconviction counsel's unreasonable assistance prevented him from submitting an affidavit as required under the Act.

¶ 13    The Act (725 ILCS 5/122-1 *et seq.* (West 2010)) provides a defendant the means to challenge his conviction or sentence for constitutional violations. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). A defendant must demonstrate that he suffered a substantial deprivation of his constitutional rights in the proceeding that resulted in his conviction and sentence. *Id*. The Act sets forth a three-stage process for adjudicating postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the third stage, an evidentiary hearing takes place where the defendant may present evidence in support of his petition and the trial court makes fact-finding and credibility determinations. *Pendleton*, 223 Ill. 2d at 472-73. At the evidentiary hearing, a defendant may present affidavits, depositions, oral testimony or other evidence to support a claim of substantial violation of a constitutional right. 725 ILCS 5/122-6 (West 2010). The defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Coleman*, 206 Ill. 2d 261, 277 (2002). This court will not reverse a trial court's denial of a postconviction petition after an evidentiary hearing unless it is manifestly erroneous. *English*, 2013 IL 112890, ¶ 23.

¶ 14    The two-prong test for ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on an ineffective assistance claim, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant.

*Strickland*, 466 U.S. at 687-88. A defendant must show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have proceeded with a trial. *Hill*, 474 U.S. at 59. Where a defendant alleges unreasonable assistance of postconviction counsel, the prejudice prong focuses on whether counsel's deficient performance affected the outcome of the postconviction proceedings. *Id.* (prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process").

¶ 15   In postconviction proceedings, a defendant is only entitled to reasonable assistance of counsel. *People v. Munson*, 206 Ill. 2d 104, 137 (2002). Postconviction counsel is required to: (1) consult with the defendant to determine what he contends are his constitutional deprivations; (2) examine the record of prior proceedings; and (3) make amendments to the petition as necessary. *Id.* An invalid affidavit is a defect postconviction counsel has a duty to correct. *People v. Turner*, 2012 IL App (2d) 100819, ¶ 41. Postconviction counsel who fails to ensure that the defendant's postconviction petition included the necessary supporting affidavit provides unreasonable assistance of counsel. *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 19. "[A] defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice." *Id.* Our supreme court has "consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, *regardless of whether the claims raised in the petition had merit.*" (Emphasis added.) *People v. Suarez*, 224 Ill. 2d 37, 47 (2007); see also *People v. Turner*, 187 Ill. 2d 406, 416-17 (1999); *People v. Perkins*, 367 Ill. App. 3d 895, 905 (2006). Accordingly, our analysis "does not depend upon whether the [defendant's] *pro se* *** petition[] in this case did or did not contain potentially meritorious issues." *Suarez*, 224 Ill. 2d at 51. Rather, our analysis is guided by "the conviction that where postconviction counsel does not

adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." *Id.* Postconviction counsel's noncompliance with Rule 651(c) may not be excused on the basis of harmless error. *Id.* at 52. If postconviction counsel fails to fulfill his duties under Rule 651 (including his duty to provide proper supporting affidavits), a remand for additional postconviction proceedings is required. *Id.* at 47, 51-52; *Turner*, 187 Ill. 2d at 416-17; *Nitz*, 2011 IL App (2d) 100031, ¶ 18.

¶ 16    Ross's petition alleged that his trial counsel gave him incorrect advice regarding the application of truth-in-sentencing changes to Ross's sentence. He attached a sworn statement attesting that his attorney's erroneous advice induced him to plead guilty when he would have gone to trial had the advice not been provided. Ross's sworn statement pursuant to section 1-109 of the Civil Code has no applicability in postconviction proceedings. 735 ILCS 5/1-109 (West 2010) ("whenever in this Code any complaint"); *Nitz*, 2011 IL App (2d) 100031, ¶ 16 ("Section 1-109, by its terms, applies only to 'this Code'–the Code of Civil Procedure."). The Post-Conviction Hearing Act governs postconviction petitions. *Id*. Ross's statement was not notarized and was without legal effect. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 71, *as modified on denial of reh'g* (Feb. 24, 2012). We find the statement did not qualify as an affidavit and was not sufficient to support the claims in Ross's postconviction petition.

¶ 17    We find, however, that Ross is entitled to postconviction relief because his failure to file an affidavit was due to unreasonable assistance of postconviction counsel, as Ross argues in the alternative. Postconviction counsel filed no other affidavits or depositions and offered no oral testimony or other evidence to support Ross's claim of ineffective assistance based on wrong advice from his trial counsel about the applicability to Ross's sentencing of truth-in-sentencing amendments. Ross could have testified regarding the information he included in his sworn

7

statement, and thus, the evidence would have been before the trial court. However, his postconviction attorney failed to question him about his claim of ineffective assistance of trial counsel.

¶ 18    Ross's claim on appeal is, in part, that postconviction counsel failed to either satisfy the affidavit requirement or ask questions at the third-stage hearing that would have supported his claim of ineffective assistance of trial counsel, as outlined in his unsworn statement. Despite a pending claim of ineffective assistance of trial counsel and knowledge of a defective supporting statement, postconviction counsel did not submit the necessary documents or at the very least, question Ross at the evidentiary hearing regarding his claims of ineffective assistance.

¶ 19    Postconviction counsel filed an amended postconviction petition, which incorporated all prior petitions, including Ross's *pro se* claims of ineffective assistance of trial counsel. Further, postconviction counsel submitted a Rule 651(c) certificate, in which he attested that he had consulted with Ross, reviewed the record, and made the necessary amendments to the *pro se* petition. He did not, however, comply with the requirements as set forth in Rule 651(c), particularly his responsibility to make all the necessary amendments to the *pro se* petition. Postconviction counsel did not withdraw the ineffective assistance claim and we cannot surmise any reason why postconviction counsel would essentially ignore Ross's claim of ineffective assistance. Similarly, it is unclear why postconviction counsel did not verify Ross's statement or submit an affidavit in support of the claims.

¶ 20    Here, Ross was unable to establish prejudice because his postconviction attorney failed to assert Ross's ineffective assistance claim either in an affidavit or through testimony at the evidentiary hearing. The role of postconviction counsel was to present Ross's claims. Accordingly, we find that the representation of postconviction counsel was not reasonable.

8

Because postconviction counsel failed to present any evidence of Ross's claim, we consider the proper remedy is to remand this cause for further evidentiary hearings.

¶ 21    We next consider whether the trial court erroneously failed apply the 67 days Ross spent in presentence custody in Wisconsin as a credit on Ross's sentence. Ross argues that he was entitled to presentence custody credit for the 67 days he spent prior to his extradition to Rock Island County. He maintains that he was in custody on a warrant for the instant offenses and should be credited for an additional 67 days against his sentence.

¶ 22    A defendant is entitled to credit on his sentence for time spent in custody as a result of the offense on which sentence was imposed. 730 ILCS 5/5-8-7(b) (West 2010). Credit is not limited to time spent in jail only in Illinois. *People ex rel. Bradley v. Davies¸* 17 Ill. App. 3d 920, 921 (1974). A claim for presentence custody credit may be made for the first time on appeal. *People v. Caballero*, 228 Ill. 2d 79, 88 (2008). This court reviews a trial court's determination on a defendant's presentence custody credit *de novo*. *People v. Andrews¸* 365 Ill. App. 3d 696, 698 (2006).

¶ 23    The State agrees that Ross is entitled to an additional 67 days credit for presentence time he spent in custody in Wisconsin on a warrant for the instant offenses. On remand, the trial court should credit Ross for the additional 67 days and adjust any fines to which Ross is entitled to monetary credit based on the number of days he spent in presentence custody.

¶ 24    For the foregoing reasons, the judgment of the circuit court of Rock Island County reversed and the cause remanded.

¶ 25    Reversed and remanded.

¶ 26    JUSTICE SCHMIDT, concurring in part and dissenting in part.

9

¶ 27        I agree with the majority's findings that Ross's statements did not qualify as an affidavit and that Ross is entitled to a credit for the additional 67 days spent in presentence custody in Wisconsin. However, that is where my agreement ends. I would find that Ross failed to establish his claim of ineffective assistance of counsel. Ross did not and cannot meet his burden of proving that but for counsel's performance, the result would have been different. Ergo, I respectfully dissent.

¶ 28        To prove a claim of ineffective assistance of counsel, a *defendant* must establish that counsel's performance fell below an objective standard of reasonableness and that counsel's performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984). Prejudice exists where there is a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the result of the proceeding. *Id.* When challenging a guilty plea based on ineffective assistance of counsel, a *defendant* must prove that but for counsel's deficient performance, there is a reasonable probability that he would not have pled guilty and proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

¶ 29        Here, Ross failed to prove that attorney Weinberg provided him with inaccurate information or that Weinberg's performance prejudiced him. Ross failed to provide an affidavit in support of his argument. Furthermore, postconviction counsel Nieman failed to question Ross or Weinberg about Ross's discussion with Weinberg relating to truth-in-sentencing. We cannot determine whether such an omission was accidental or intentional. Further, the court found defendant's postconviction claims to be without merit.

10

¶ 30          Even assuming that Ross testified that Weinberg improperly advised Ross regarding the truth in sentencing, I would still find that Ross is not entitled to relief pursuant to his postconviction petition. Ross failed to establish that he would not have pled guilty, but, rather have gone to trial but for Weinberg's performance. When Ross entered his plea, he knew that a jury already convicted his codefendant, Ishmail Spraggins, of the murder. Spraggins received natural life without parole only after the jury chose not to impose the death penalty. Ross also faced the possibility of the death penalty. The State said that it would have pursued such a punishment. Witnesses saw Ross and his cohorts put the victim into a car, drive down the street, and soon thereafter heard gunshots; the victim was later found dead. Moreover, Ross confessed to committing the crime on two different occasions: once before entering into the plea in a taped statement and again at the sentencing hearing. Any reasonable person in Ross's position would have entered into the same plea bargain Ross accepted. The majority expressly states that: "Here, Ross was unable to establish prejudice." *Supra* ¶ 20. Thus, the majority concedes that Ross failed to meet his burden of proving that but for Weinberg's performance, Ross would not have pled guilty and proceeded to trial. His inability to establish prejudice is patent regardless of his counsel's performance.

¶ 31          Ross is not entitled to consume anymore judicial resources. The result on remand will be the same; at the hearing on Ross's postconviction petition, the court expressly stated, "I find no reason to credit any of the claims made by the defendant." There is no reason to believe that any reasonable trial judge would now accept any future testimony from defendant that but for faulty advice, he would have rejected the plea offer and gone to trial. Now, 20 years after the fact and after the death of at least three witnesses, defendant might well like to have a new trial. Fewer witnesses and the abolition of the death penalty make a new trial seem like a rational choice now.

11

But, of course, that is not the test. Defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). Even assuming counsel misstated the applicable good-time credit, no reasonable trial judge is going to find that it would have been rational for defendant to reject the plea agreement at that time. The evidence was damning; defendant faced the possibility of death and a virtual guarantee of at least life without parole. So, on remand even if trial counsel concedes giving faulty advice about good-time credit and defendant testifies that but for that faulty advice he would have rejected the plea offer and gone to trial, no rational trial judge is going to accept that notion. At the time defendant pled guilty, accepting the plea was the only rational choice available.

¶ 32         For the foregoing reasons, I respectfully dissent.