**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180159-U

Order filed February 10, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0159 Circuit No. 14-CF-290 |
| | ) | |
| REX FRANK, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Wright concurred in the judgment.
Justice Schmidt dissented.

_____

**ORDER**

¶ 1     *Held*: Postconviction counsel provided unreasonable assistance by failing to allege prejudice or attach an affidavit to the amended petition.

¶ 2     The defendant, Rex Frank, appeals the Kankakee County circuit court's dismissal of his amended postconviction petition. The defendant argues that postconviction counsel provided unreasonable assistance and violated Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to attach to the amended petition an affidavit attesting that the defendant would have

rejected the plea deal if plea counsel had informed him that he could file a motion to suppress his confession.

¶ 3                                    I. BACKGROUND

¶ 4         The defendant pled guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) pursuant to a fully negotiated guilty plea. According to the factual basis for the plea, on July 5, 2014, Rian Maiden was found dead at his residence with gunshot wounds to his head, arm, and leg. Witnesses observed the defendant's vehicle outside Maiden's residence on the evening of July 4, 2014. The defendant allowed officers to search his vehicle, and they discovered a bank receipt. The last four digits of the account number reflected on the bank receipt matched those of receipts found in Maiden's residence.

¶ 5         Officers learned that on July 4, 2014, $500 had been withdrawn from Maiden's bank account from an automated teller machine (ATM) outside a gas station. The gas station surveillance video showed a person with the same body type as the defendant use the ATM, though the person's face was obscured. The defendant permitted officers to search his residence, and in his garbage they found clothes matching those worn by the person in the surveillance video.

¶ 6         Officers also discovered that Maiden's ATM card had been used to purchase flowers, children's clothes, and a ring from a store. The cashier who completed the transaction identified the defendant out of a lineup, and the store's surveillance video appeared to show the defendant purchasing the items. Officers recovered $500, children's clothing, flowers, and a ring from the defendant's girlfriend. According to the defendant's girlfriend, she received these items from the defendant, and when she asked him if he killed Maiden, he answered, "I did it for you."

¶ 7         During an interview following his arrest, the defendant admitted to possessing the ATM card, but denied killing Maiden. The defendant later indicated to a correctional officer that he

2

wanted to speak with sheriff's deputies, and during the subsequent interview he confessed to shooting and killing Maiden.

¶ 8 The court accepted the plea and sentenced the defendant to 45 years' imprisonment.

¶ 9 The defendant filed a *pro se* postconviction petition, alleging that officers coerced his confession, rendering it involuntary. The court advanced the defendant's petition to the second stage and appointed postconviction counsel, who filed an amended postconviction petition that adopted the defendant's allegation that his confession was involuntary. The amended petition also alleged that plea counsel was ineffective for failing to file a motion to suppress the confession, and that the defendant "suffered from a misapprehension of law in that he was never made fully aware of the fact that the confession he made, which lead [*sic*] to his guilty plea, was involuntary and subject to challenge by way of a motion to suppress." The amended petition did not allege that the defendant would have rejected the plea deal if plea counsel had informed him that he could file a motion to suppress his confession. Postconviction counsel filed a Rule 651(c) certificate, asserting that he spoke with the defendant in-person to ascertain the defendant's contentions, examined the record, and made necessary changes to the *pro se* petition to ensure an adequate presentation of the defendant's contentions.

¶ 10 The court granted the State's motion to dismiss the amended petition, finding that nothing was presented to show ineffective assistance of plea counsel. While pronouncing its decision, the court noted that no affidavit, from the defendant or counsel, was attached to the amended petition. The defendant appeals.

¶ 11 II. ANALYSIS

¶ 12 The defendant argues that postconviction counsel provided unreasonable assistance and violated Rule 651(c) by failing to allege and attach to the amended petition an affidavit attesting

3

that the defendant would have rejected the plea deal if plea counsel had informed him that he could file a motion to suppress his confession.

¶ 13    During postconviction proceedings, a defendant is entitled to reasonable assistance of counsel. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). To attain this level of assistance, Rule 651(c) requires postconviction counsel to certify, or that the record affirmatively show, that he "has consulted with petitioner *** to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). When postconviction counsel files a Rule 651(c) certificate, he creates a rebuttable presumption that he provided reasonable assistance, and the burden shifts to the defendant to overcome this presumption. *People v. Miller*, 2017 IL App (3d) 140977, ¶ 47. However, we must remand when postconviction counsel fails to fulfill his duties under Rule 651(c), for "where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the [Post-Conviction Hearing Act (Act)] cannot be fully realized." *People v. Suarez*, 224 Ill. 2d 37, 51 (2007). " 'A defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice.' " *People v. Ross*, 2015 IL App (3d) 130077, ¶ 15 (quoting *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 19). Our supreme court has held that remand is required where counsel failed to fulfill the duties required under Rule 651(c), "regardless of whether the claims in the petition had merit." *Suarez*, 224 Ill. 2d at 47; see also *People v. Turner*, 187 Ill. 2d 406, 416-17 (1999). Therefore, our analysis does not depend on whether the defendant's petition in this case contained meritorious issues. *Suarez*, 224 Ill. 2d at 51. Whether postconviction

4

counsel met his obligations under Rule 651(c) is a question of law subject to *de novo* review. *Id.* at 41-42.

¶ 14    Section 122-2 of the Act requires a postconviction petition to "have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2016). "Postconviction counsel who fails to ensure that the defendant's postconviction petition included the necessary supporting affidavit provides unreasonable assistance of counsel." *Ross*, 2015 IL App (3d) 130077, ¶ 15, *abrogated on other grounds by People v. Young*, 2018 IL 122598.

¶ 15    One of the claims alleged in the defendant's amended postconviction petition was ineffective assistance of plea counsel for counsel's failure to inform the defendant that he could file a motion to suppress his confession. To prevail on such an ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defendant must show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have proceeded with a trial." *Ross*, 2015 IL App (3d) 130077, ¶ 14.

¶ 16    Here, the defendant's amended postconviction petition did not allege that the defendant would have rejected the plea deal if plea counsel had informed him of the possibility of filing a motion to suppress his confession. Further, postconviction counsel did not attach an affidavit from the defendant, or any other evidence, stating that he would have gone to trial if he was aware of this option. Significantly, counsel failed to explain why he did not do so, as required by the Act. See 725 ILCS 5/122-2 (West 2016). The court specifically noted the lack of such an affidavit during its decision on the motion to dismiss. Therefore, postconviction counsel tendered the

5

defendant's claim to the court in a facially defective manner, as it neglected to allege prejudice. These facts rebut the presumption of compliance created when postconviction counsel submitted his Rule 651(c) certificate. By failing to allege prejudice or attach a supporting affidavit, postconviction counsel failed to shape the defendant's ineffective assistance claim into proper form. Thus, postconviction counsel did not provide reasonable assistance or comply with Rule 651(c). See *Ross*, 2015 IL App (3d) 130077, ¶¶ 16-20 (holding that postconviction counsel did not adequately present the defendant's ineffective assistance claim where postconviction counsel failed to attach an affidavit or any evidence establishing prejudice to the amended petition). While the dissent focuses on the merits of the defendant's ineffective assistance of counsel claim, as stated above (*supra* ¶ 13) our supreme court has explicitly said that our review of counsel's compliance with Rule 651(c) does not depend on whether the defendant's underlying claim had merit, and the defendant need not show that he was prejudiced by counsel's noncompliance. *Ross*, 2015 IL App (3d) 130077, ¶ 15; *Suarez*, 224 Ill. 2d at 47, 51.

¶ 17    The State argues that postconviction counsel provided reasonable assistance and satisfied Rule 651(c) because the aforementioned affidavit would have been redundant to the amended petition's allegations. We disagree. First, the amended petition did not specifically state that the defendant would not have pled guilty had he known he could file a motion to suppress his confession. Second, the Act requires that the petition have evidence, such as an affidavit, attached to the petition to support the allegations. 725 ILCS 5/122-2 (West 2016). The allegations themselves are not evidence. To state that supporting evidence is redundant if it reiterates the allegations in the petition would render all supporting evidence superfluous as, by its very nature, it corroborates the allegations.

¶ 18    Because postconviction counsel provided unreasonable assistance by failing to adequately amend the petition, we reverse the court's dismissal and remand the cause with directions to appoint new postconviction counsel and conduct *de novo* second-stage proceedings. See *Nitz*, 2011 IL App (2d) 100031, ¶ 19.

¶ 19                                    III. CONCLUSION

¶ 20    The judgment of the circuit court of Kankakee County is reversed and remanded with directions.

¶ 21    Reversed and remanded with directions.

¶ 22    JUSTICE SCHMIDT, dissenting:

¶ 22    The majority focuses on whether postconviction counsel provided reasonable assistance. Given that defendant cannot establish prejudice in his underlying claim, any allegation of unreasonable assistance of postconviction counsel is immaterial. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (noting Rule 651(c) does not require amendments to a *pro se* postconviction petition that would only advance frivolous or patently nonmeritorious claims).

¶ 23    Without referring to the lack of an affidavit or any defects in defendant's amended pleading, the circuit court read from the guilty plea transcript and described the evidence defendant would face if he were to proceed to trial. The court then correctly cut straight to the heart of defendant's ineffective assistance of counsel claim and found that even absent defendant's confession to detectives, he was unable to establish prejudice due to the remaining evidence.

¶ 24    Our supreme court has separated claims of ineffective assistance of counsel resulting in a guilty plea into two categories. See *People v. Brown*, 2017 IL 121681, ¶¶ 34, 35. Defendant's case falls within the category requiring "a showing that a defendant would be 'better off going to trial' absent his counsel's deficient performance by establishing that he would have been acquitted or

7

had a viable defense." *Id.* ¶ 34 (quoting *Lee v. U.S.*, 582 U.S. ___, 137 S. Ct. 1958, 1965 (2017)); see also *People v. Hall*, 217 Ill. 2d 324, 336 (2005) (citing *People v. Pugh*, 157 Ill. 2d 1, 15 (1993), citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) ("whether counsel's deficient representation caused the defendant to plead guilty depends in large part on predicting whether the defendant likely would have been successful at trial").

¶ 25     As the lower court pointed out in its initial ruling, it is highly unlikely defendant would have been successful at trial. The suppression of defendant's confession would not have placed him in a significantly better position. The factual basis of the plea did not hinge on defendant's confession to detectives. *Supra* ¶¶ 4-7. Further, the confession while in custody was not defendant's only admission of guilt. He confessed to his girlfriend that he killed Maiden.

¶ 26     The bare allegation that defendant would not have pled guilty whether in an affidavit, the amended pleading, or both remains insufficient. *Brown*, 2017 IL 121681, ¶ 47 (quoting *Valdez*, 2016 IL 119860, ¶ 29, citing *People v. Hughes*, 2012 IL 112817, ¶ 64 and *Hall*, 217 Ill. 2d at 335)). Under the circumstances, defendant cannot show that even if his confession while in custody was suppressed, there is a reasonable probability he would have forgone a plea deal that guaranteed him the minimum sentence for first degree murder. *Supra* ¶ 15 (citing *Ross*, 2015 IL App (3d) 130077, ¶ 14).

¶ 27     We should affirm.