NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 190915-U

NO. 4-19-0915

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 11, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| ANTONIO D. SIBLEY, | ) | No. 13CF553 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

_____

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding postconviction counsel did not provide
unreasonable assistance.

¶ 2     In July 2018, defendant, Antonio D. Sibley, filed a *pro se* postconviction petition,

which advanced to the second stage of proceedings after 90 days. In April 2019, the State filed a

motion to dismiss the petition, which the trial court granted. On appeal, defendant argued (1) his

postconviction petition made a substantial showing of actual innocence and (2) postconviction

counsel provided unreasonable assistance. We affirmed. *People v. Sibley*, 2022 IL App (4th)

190915-U.

¶ 3     In September 2023, the Illinois Supreme Court denied defendant's petition for

leave to appeal. However, the supreme court vacated our judgment and ordered us to consider

the effect of its decision in *People v. Addison*, 2023 IL 127119, 217 N.E.3d 1011, on the issue of

whether defendant received reasonable assistance from postconviction counsel. *People v. Sibley*, No. 128409 (Sept. 27, 2023) (supervisory order). For the following reasons, we affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5                          A. Jury Trial and Direct Appeal

¶ 6        After a shooting on April 29, 2013, the State charged defendant with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2012)), unlawful possession of a weapon by a felony (UPWF) (720 ILCS 5/24-1.1(a) (West 2012)), and aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (3)(A) (West 2012)). The matter proceeded to a jury trial, after which defendant was found guilty of aggravated discharge of a firearm and UPWF. The trial court sentenced defendant to 18 years' imprisonment for aggravated discharge of a firearm and 5 years' imprisonment for UPWF, to be served concurrently. We affirmed defendant's convictions and sentence on direct appeal. *People v. Sibley*, 2017 IL App (4th) 150725-U.

¶ 7                     B. Postconviction Petition Proceedings

¶ 8        On July 2, 2018, defendant filed a postconviction petition, alleging that he received ineffective assistance of trial counsel and appellate counsel and that he was "actually innocent of the crimes for which he was charged and convicted." Defendant argued trial counsel was ineffective for several reasons, including neither calling Rajiv Rice as a witness nor using Rice's August 2013 affidavit to corroborate defendant's testimony that he did not shoot at Rice. The petition described Rice's affidavit as "readily available." Defendant's actual innocence claim relied on Rice's affidavit and testimony at the hearing on defendant's motion to reduce his sentence, which reiterated the affidavit's contents. Specifically, Rice's affidavit and testimony asserted defendant did not possess a firearm or shoot at Rice during the incident. Defendant

- 2 -

attached to his *pro se* petition Rice's affidavit, a transcript of Rice's testimony, and his own affidavit asserting counsel did not discuss affirmative defenses with him.

¶ 9          Appointed counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), asserting he "examined the record of the proceedings at the plea of guilty and the report of proceedings in the sentencing hearing." In support of defendant's postconviction petition, appointed counsel filed another affidavit from Rice, filed March 14, 2019, in which Rice declared he previously told several people, including police officers, he did not know who was shooting during the incident. Rice claimed he did not provide this information sooner because he "feared for [his] son's mother." Appointed counsel did not file an amended postconviction petition.

¶ 10          After 90 days, the petition advanced to the second stage of postconviction proceedings and the State moved to dismiss the petition. In relevant part, the State argued trial counsel could not have used Rice's affidavits to impeach officer Timothy Wittmer and investigator Ed Culp because the affidavits did not attack the credibility of their testimony and the affidavits could not be used substantively because they were inadmissible hearsay. The State also argued trial counsel was not ineffective for not calling Rice as a witness to testify to the contents of his affidavits because Rice was charged as a codefendant, so his privilege against self-incrimination shielded him from testifying. Neither of Rice's affidavits indicated he would have waived that privilege. Finally, the State asserted Rice's affidavits were not newly discovered or of such conclusive character that they would probably change the outcome on retrial.

¶ 11          On July 2, 2019, postconviction counsel told the trial court, "I'm gonna have to file an amended petition" because he believed he "ha[d] to include some additional things that

- 3 -

were not in the original petition." Postconviction counsel subsequently filed an affidavit from Kadaris Britt, which stated Britt would testify he did not see defendant possess or fire a gun during the shooting. Postconviction counsel also filed a new affidavit from defendant, in which defendant insisted trial counsel knew prior to trial Rice made a statement that defendant "was not the person who had fired a handgun towards [Rice]." In the new affidavit, defendant also repeated his assertion trial counsel did not discuss with him the possibility of raising self-defense. Defendant "discussed these issues with his assigned Appellate Defender and said Attorney failed to raise these issues or [*sic*] appeal." Postconviction counsel filed a second Rule 651(c) certificate certifying "he examined the Record of Proceedings at the Petitioner's trial," "consulted with Petitioner both by mail and by phone to ascertain his contentions of deprivation of constitutional rights," and "made the amendments to the Petitioner's *pro se* petition that were necessary for an adequate presentation of petitioner's contentions."

¶ 12        After conducting a hearing on December 12, 2019, the trial court granted the State's motion to dismiss the petition. The court rejected defendant's ineffective assistance of trial counsel claims, finding the decisions at issue were matters of trial strategy and defendant was not prejudiced. The court found Rice's affidavit and testimony would have had "little or no" impact on the case, especially because Officer Wittmer previously testified to the contrary. Regarding defendant's actual innocence claim, the court found Rice's affidavit and testimony was not newly discovered evidence and was not of "such conclusive character that it would have probably changed the results on a retrial." The court further found Britt's affidavit was unreliable and would not alter the trial's result.

¶ 13        We affirmed the trial court's judgment, finding the court did not err in dismissing defendant's postconviction petition at the second stage of proceedings, and postconviction

counsel provided reasonable assistance. *Sibley*, 2022 IL App (4th) 190915-U, ¶¶ 41-63. Specifically, we found defendant's petition did not make a substantial showing of actual innocence because the affidavits attached to the petition were not so conclusive as to probably change the trial's result. *Sibley*, 2022 IL App (4th) 190915-U, ¶¶ 45-48. We noted defendant provided "detailed confessions" on two separate occasions and signed a written confession. *Sibley*, 2022 IL App (4th) 190915-U, ¶ 48. Regarding defendant's unreasonable assistance claim, we found postconviction counsel did not fail to make necessary amendments to the petition. *Sibley*, 2022 IL App (4th) 190915-U, ¶¶ 56-60.

¶ 14        On April 21, 2022, defendant filed a petition seeking leave to appeal to the Illinois Supreme Court. The supreme court denied the petition but entered a supervisory order directing us to vacate our judgment in *Sibley*, 2022 IL App (4th) 190915-U, and consider the effect of the supreme court's recent decision in *Addison*, 2023 IL 127119, on the issue of whether defendant received reasonable assistance of postconviction counsel. *Sibley*, No. 128409 (Sept. 27, 2023) (supervisory order). We now comply with our supreme court's order and reconsider defendant's unreasonable assistance claim under its recent decision in *Addison*.

¶ 15                                II. ANALYSIS

¶ 16                              A. Actual Innocence

¶ 17        At the outset, we observe the order vacating our prior judgment does not mention defendant's actual innocence claim. The supreme court instructed us to "consider the effect of [the Illinois Supreme Court's] opinion in *People v. Addison*, 2023 IL 127119, on the issue of whether defendant received reasonable assistance of post-conviction counsel and determine if a different result is warranted." *Sibley*, No. 128409 (Sept. 27, 2023) (supervisory order). In our prior judgment, we affirmed the trial court because "the newly discovered evidence is not of such

- 5 -

a conclusive character that it is more likely than not that no reasonable juror would find defendant guilty beyond a reasonable doubt," particularly in light of defendant's verbal confessions, his written confession, and the evidence corroborating those confessions. *Sibley*, 2022 IL App (4th) 190915-U, ¶ 54. After reviewing *Addison*, we find it does not impact our finding regarding defendant's actual innocence claim. Accordingly, we reach the same conclusion and affirm the trial court's ruling on that issue.

¶ 18                    B. Unreasonable Assistance of Postconviction Counsel

¶ 19           Turning to defendant's unreasonable assistance claim, defendant argued on appeal that postconviction counsel provided unreasonable assistance because (1) counsel's initial Rule 651(c) certificate erroneously referred to "the record of the proceedings at the plea of guilty," when defendant did not enter a guilty plea and (2) counsel made no amendments to defendant's *pro se* postconviction petition, despite deficiencies in Rice's affidavit, which the State identified in its motion to dismiss. After analyzing the case *sub judice* under *Addison*, we affirm for the following reasons.

¶ 20                                    1. Addison

¶ 21           In *Addison*, our supreme court found the defendant received unreasonable assistance where postconviction counsel did not amend the defendant's *pro se* postconviction petition to include allegations of ineffective assistance of appellate counsel. *Addison*, 2023 IL 127119, ¶¶ 23-25. The defendant's *pro se* petition raised 15 issues, and it asserted, *inter alia*, appellate counsel failed to raise 14 of those issues on direct appeal. *Addison*, 2023 IL 127119, ¶ 23. Because those issues were not raised on direct appeal, they would be forfeited unless the petition, as amended by postconviction counsel, alleged appellate counsel rendered ineffective assistance in not raising them. See *People v. Turner*, 187 Ill. 2d 406, 413, 719 N.E.2d 725, 729

(1999) ("If petitioner's counsel had amended the post-conviction petition to allege ineffective assistance of appellate counsel for failing to raise petitioner's claims on direct appeal, these claims would not have been barred by waiver."). However, when postconviction counsel purportedly made necessary changes to the *pro se* petition, the amended petition "did not assert any claims of ineffective assistance of appellate counsel and nowhere alleged any way in which appellate counsel was ineffective." *Addison*, 2023 IL 127119, ¶ 24. The court denounced postconviction counsel's performance, asserting, "[W]e are faced with the unusual situation in which postconviction counsel, in one significant sense, made the *pro se* petition worse by amending it." *Addison*, 2023 IL 127119, ¶ 24. The court described the circumstances thusly:

> "[T]he trial court advanced the petition to the second stage because it determined that it stated the gist of a meritorious claim. Postconviction counsel reviewed the petition and determined that five claims were worth pursuing. However, counsel failed to shape the claims into the proper form. We fail to see how it can be reasonable assistance of counsel for an attorney to identify claims worth pursuing but then fail to shape them into proper form." *Addison*, 2023 IL 127119, ¶ 26.

¶ 22 The supreme court found postconviction counsel provided unreasonable assistance and remanded the matter for compliance with Rule 651(c) without considering whether the petition's claims had merit. *Addison*, 2023 IL 127119, ¶ 33; see *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007) ("This court has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit.").

¶ 23       2. *This Case*

¶ 24       Here, defendant argued postconviction counsel provided unreasonable assistance because (1) counsel's initial Rule 651(c) certificate erroneously claimed counsel "examined the record of the proceedings at the plea of guilty" and (2) counsel attached two affidavits to defendant's *pro se* petition without rectifying potential procedural problems with the affidavits, even after those potential problems were identified by the State in a motion to dismiss.

¶ 25       Postconviction counsel's initial Rule 651(c) certificate did contain an error; defendant did not plead guilty, so counsel could not have examined the report of proceedings at the guilty plea. However, counsel later filed a corrected certificate, which properly certified counsel examined the report of proceedings at defendant's trial. See *Sibley*, 2022 IL App (4th) 190915-U, ¶ 57. The corrected certificate, which superseded the original version, created a rebuttable presumption of reasonable assistance. See *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19, 974 N.E.2d 813. The corrected certificate did not contain errors rebutting this presumption. While the original petition mistakenly referenced a "plea of guilty," which defendant did not enter, the original petition was no longer in effect once counsel entered his corrected certificate. Therefore, defendant did not receive unreasonable assistance where postconviction counsel's initial Rule 651(c) certificate incorrectly stated he reviewed the record of the guilty plea because he subsequently filed a corrected Rule 651(c) certificate, which contained no errors rebutting the presumption of reasonable assistance.

¶ 26       Defendant next argues postconviction counsel provided unreasonable assistance by not amending the *pro se* postconviction petition, and defendant insists the record rebuts the compliance presumption created by counsel's Rule 651(c) certificate. See *Profit*, 2012 IL App (1st) 101307, ¶ 19. Specifically, defendant contends counsel failed to present the *pro se* petition's claims such that they overcame procedural bars. Defendant argues (1) Rice's affidavit,

which counsel attached to the amended petition, averred defendant's innocence, but it did not aver Rice would testify accordingly if called as a witness and (2) Britt's affidavit did not address the "newly discovered" element of actual innocence. Defendant insists Rule 651(c) required counsel to amend Rice's affidavit to aver Rice would testify in accordance with the affidavit if called as a witness and to amend Britt's affidavit to address each element of an actual innocence claim.

¶ 27 This case is distinguishable from *Addison* because the changes defendant proposes were not necessary under Rule 651(c). See Ill. S. Ct. R. 651(c) (eff. July 1, 2017). In *Addison*, the postconviction counsel failed to present the defendant's *pro se* arguments in a form that would survive the procedural bar of forfeiture. *Addison*, 2023 IL 127119, ¶¶ 24-25. Here, postconviction counsel's purported failings did not risk forfeiting defendant's postconviction petition's claims.

¶ 28 As we noted in our prior judgment, Rice's affidavit indicated Rice was competent to testify if called as a witness and it identified the substantive evidence to which he would testify. *Sibley*, 2022 IL App (4th) 190915-U, ¶ 58. Further, defendant attached a transcript of Rice's testimony during the hearing to reduce his sentence to the *pro se* petition. *Sibley*, 2022 IL App (4th) 190915-U, ¶ 58. We cannot say postconviction counsel failed to make a necessary amendment to the *pro se* petition when he did not amend Rice's affidavit to state, explicitly, that Rice would testify in accordance with the affidavit's contents if called as a witness. Under these circumstances, the record does not rebut the presumption of reasonable assistance created by counsel's second Rule 651(c) certificate. See *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 29 Regarding Britt's affidavit, the amendment defendant proposes on appeal was not necessary under Rule 651(c) because the record clearly demonstrates the affidavit was newly

discovered. An actual innocence claim must be based on evidence that is newly discovered. *People v. Joiner*, 2023 IL App (1st) 211553, ¶ 82, 218 N.E.3d 561. "Evidence is newly discovered if it has been discovered since trial and could not have been discovered sooner through due diligence." *Joiner*, 2023 IL App (1st) 211553, ¶ 82. Britt did not testify at trial, nor did he present the information contained in his affidavit until October 15, 2019, long after the trial's conclusion. As we recognized in our prior judgment, the record shows Britt was involved in the shooting, and he risked incriminating himself if questioned about the incident. *Sibley*, 2021 IL App (4th) 190915-U, ¶ 60 (quoting *People v. Prater*, 158 Ill. App. 3d 330, 337, 511 N.E.2d 842, 846-47 (1987)). Because no amount of diligence could force Britt to testify at the trial below against his will, his affidavit constituted newly discovered evidence, as it was discovered after the trial and it could not have been discovered sooner through due diligence. See *Joiner*, 2023 IL App (1st) 211553, ¶ 82. Therefore, the record undercuts defendant's argument that counsel failed to address the "newly discovered" element of actual innocence, as the record shows Britt's affidavit constituted newly discovered evidence. Postconviction counsel did not fail to make a necessary amendment to the postconviction petition. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Profit*, 2012 IL App (1st) 101307, ¶¶ 18-19.

¶ 30    The case law defendant cites to support his arguments is inapt. In *People v. Guzman*, 2014 IL App (3d) 090464, ¶¶ 38-40, 24 N.E.3d 831, the defendant received unreasonable assistance where postconviction counsel filed an amended petition but failed to move to withdraw the notice of appeal, so the trial court lacked jurisdiction to consider the amended petition. In *People v. Nitz*, 2011 IL App (2d) 100031, ¶¶ 17-19, 959 N.E.2d 1258, postconviction counsel provided unreasonable assistance by not submitting a properly notarized affidavit supporting the petition. Finally, in *People v. Ross*, 2015 IL App (3d) 130077, ¶¶ 16-17,

40 N.E.3d 461, overruled on other grounds by *People v. Young*, 2018 IL 122598, 115 N.E.3d 194, postconviction counsel attached a sworn statement from the defendant rather than an affidavit, and counsel did not have the defendant testify to the sworn statement's contents. In all these cases, unreasonable assistance occurred where the postconviction counsel did not remedy procedural or structural errors, either by failing to withdraw a notice of appeal to allow the trial court to consider an amended petition (*Guzman*, 2014 IL App (3d) 090464, ¶ 39), failing to attach an affidavit that was notarized (*Nitz*, 2011 IL App (2d) 100031, ¶ 19), or failing to present the defendant's argument in the proper form via an affidavit or sworn testimony (*Ross*, 2015 IL App (3d) 130077, ¶¶ 16-17). This case is distinguishable. Here, postconviction counsel properly shaped defendant's postconviction claims to avoid structural or procedural deficiencies. While defendant argues counsel failed to amend his petition's claims to overcome the procedural bars, those arguments are meritless for the foregoing reasons.

¶ 31            In *Addison*, the defendant received unreasonable assistance where his postconviction counsel failed to preserve his arguments from the procedural bar of forfeiture. See *Addison*, 2023 IL 127119, ¶¶ 23-25; *Turner*, 187 Ill. 2d at 413. There, counsel's amendments worsened the petition and failed to shape the defendant's arguments into the proper form. *Addison*, 2023 IL 127119, ¶¶ 24, 26. Conversely, postconviction counsel here shaped defendant's arguments to avoid forfeiture. The amendments defendant suggests were not necessary, as Rice's affidavit indicated Rice was competent to testify and identified the substantive evidence to which he would testify and the record shows Britt's affidavit constituted newly discovered evidence. Therefore, we find defendant did not receive unreasonable assistance and affirm the trial court's dismissal of defendant's postconviction petition.

¶ 32                                III. CONCLUSION

- 11 -

¶ 33        For the reasons stated, we affirm the trial court's judgment.

¶ 34        Affirmed.